## HADDEN & Others *v.* MERRITT, Collector.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Argued April 23, 1885.—Decided May 4, 1885.

The value of foreign coins, as ascertained by the estimate of the Director of the Mint, and proclaimed by the Secretary of the Treasury, is conclusive upon Custom House officers and importers.

This was a suit to recover back duties alleged to have been illegally exacted. The facts are stated in the opinion of the court.

*Mr. Mason W. Tyler* for plaintiff in error.

*Mr. Solicitor-General* submitted on his brief.

MR. JUSTICE MATTHEWS delivered the opinion of the court. This was an action brought by plaintiffs in error against the

Collector of the Port of New York, to recover an excess of duties, alleged to have been illegally exacted and paid under protest. A verdict was returned for the defendant under instructions to that effect by the court, and judgment rendered accordingly. To this ruling of the court exceptions were duly taken, and it is now assigned for error.

The plaintiffs' case was this: In the year 1879 they imported from China several invoices of merchandise, subject to an *ad valorem* duty, the value of which was stated in the invoices in Mexican silver dollars, the currency of the country whence the goods were exported. In converting the value of the invoices, as expressed therein, from Mexican silver dollars into the value by which the actual *ad valorem* duty upon them was to be ascertained, the dutiable value was arrived at in each case by estimating the value of the Mexican dollar in accordance with the value of such coin as estimated by the director of the mint, and proclaimed by the Secretary of the Treasury on the 1st day of January of the year during which the importations were made; and the value of the Mexican dollar so ascertained, estimated and proclaimed, was $1.01\frac{5}{10}$, and duties were assessed upon the importations accordingly.

The plaintiff offered to prove that this valuation of the Mexican dollar, as estimated and proclaimed, was erroneous in this, to wit, that it was based on the value of the Mexican dollar as compared with the silver dollar of the United States, whereas it ought by law to have been estimated and proclaimed by relation to the value of the gold dollar of the United States, and that this would have diminished the dutiable value of the goods imported, by the difference between from $84\frac{2}{10}$ cents to $86\frac{7}{10}$ cents, and $101\frac{5}{10}$ cents, as the value of the Mexican dollar, varying, according to the dates of the several importations, with the commercial difference in value between gold and silver. The evidence offered on this point was rejected, and the ruling of the court, in its instruction to the jury to return a verdict for the defendant, was based on the proposition that, in assessing the duties collected on the value of the invoices, reduced from Mexican silver dollars to the money of account of the United States, the collector and importer were concluded by

the estimate. of the director of the mint, proclaimed by the Secretary of the Treasury, and then in force.

In opposition to that, it is contended that such estimate is not conclusive, in a case where it can be shown that it is based on the value of the foreign silver coin computed in terms of the silver dollar, instead of the gold dollar, of the coinage of the United States, in violation, it is argued, of the statutory rule prescribed for making such estimate, which requires that the value of the foreign coin, so estimated, shall be expressed in the money of account of the United States, the standard unit of value of which is assumed to be the gold dollar and not the silver dollar.

Section 2838 Rev. Stat. requires all invoices of merchandise, subject to a duty *ad valorem*, to be made out in the currency of the place or country from whence the importation shall be made, and that they shall contain a true statement of the actual cost of such merchandise in such foreign currency or currencies, without any respect to the value of the coins of the United States, or of foreign coins, by law made current within the United States in such foreign place or country.

Section 3564 Rev. Stat. is as follows: " The value of foreign coin, as expressed in the money of account of the United States, shall be that of the pure metal of such coin of standard value; and the values of the standard coins in circulation of the various nations of the world shall be estimated annually by the director of the mint and be proclaimed on the first day of January by the Secretary of the Treasury."

The value of foreign coins, as ascertained by the estimate of the director of the mint and proclaimed by the Secretary of the Treasury, is conclusive upon custom-house officers and importers. No errors alleged to exist in the estimate, resulting from any cause, can be shown in a judicial proceeding, to affect the rights of the government or individuals. There is no value, and can be none, in such coins, except as thus ascertained ; and the duty of ascertaining and declaring their value, cast upon the Treasury Department, is the performance of an executive function, requiring skill and the exercise of judgment and discretion, which precludes judicial inquiry into the correctness of

the decision. If any error, in adopting a wrong standard, rule, or mode of computation, or in any other way, is alleged to have been committed, there is but one method of correction. That is to appeal to the department itself. To permit judicial inquiry in any case is to open a matter for repeated decision, which the statute evidently intended should be annually settled by public authority; and there is not, as is assumed in the argument of the plaintiff in error, any such positive and peremptory rule of valuation prescribed in the statute, as serves to limit the discretion of the Treasury Department in making its published estimate, or would enable a court to correct an alleged mistake or miscalculation. The whole subject is confided by the law exclusively to the jurisdiction of the executive officers charged with the duty; and their action cannot be otherwise questioned.

Such was the principle announced in the case of *Cramer* v. *Arthur*, 102 U. S. 612. It was there said, " That valuation, so long as it remained unchanged, was binding on the collector and on importers—just as binding as if it had been in a permanent statute, like the statute of 1846, for example. Parties cannot be permitted to go behind the proclamation, any more than they would have been permitted to go behind the statute, for the purpose of proving, by parol or by financial quotations in gazettes, that its valuations are inaccurate. The government gets at the truth as near as it can, and proclaims it. Importers and collectors must abide by the rule as proclaimed. It would be a constant source of confusion and uncertainty if every importer could on every invoice, raise the question of the value of foreign moneys and coins," pages 616, 617. . . . "If existing regulations are found to be insufficient, if they lead to inaccurate results, the only remedy is to apply to the President, through the Treasury Department, to change the regulations." Page 619.

There was no error in the ruling of the Circuit Court, and the judgment is                                   *Affirmed.*