## HEINEMANN *v.* ARTHUR'S EXECUTORS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

Submitted January 3, 1887. — Decided January 24, 1887.

Wool of the third class was dutiable under § 1 of the act of March 2, 1867, c. 197, 14 Stat. 560, at three cents per pound, if its value at the last port or place whence exported into the United States, excluding charges in such port, was twelve cents or less per pound; and at six cents per pound, if such value exceeded twelve cents per pound. On January 5, 1874, such wool, bought in Russia, in October, 1873, the actual cost of which, exclusive of charges, was below twelve cents per pound, at the time and place of exportation, was entered at the custom house at the port of New York, at an invoice value stated in Russian silver roubles. The collector computed the rouble at 77.17 cents, under the authority of a proclamation to that effect made by the Secretary of the Treasury in December, 1873, in pursuance of an estimation of the value of the rouble for the year 1874, made by the director of the mint, as required by the act of March 3, 1873, c. 268, 17 Stat. 602. Prior to that act the value of the rouble had been fixed by statute at seventy-five cents. If the rouble had been computed at seventy-five cents, the invoice value of the wool would have been less than twelve cents per pound. Computing it at 77.17 cents raised such invoice value above twelve cents per pound. The collector exacted a duty of six cents per pound. In an action to recover back the excess of duty over three cents per pound; *Held:*

(1) The effect of the act of 1873 was to repeal the prior statute;

(2) the requirement of § 7 of the act of March 3, 1865, c. 80, 13 Stat. 493, forbade the assessment of duty on an amount less than the invoice or entered value;

(3) the collector was, therefore, required to compute the rouble at 77.17 cents, although the cost of the goods, computing the rouble at seventy-five cents, was twelve cents or less per pound.

*Mr. Sidney De Kay* and *Mr. Patrick A. Collins* for plaintiff in error.

*Mr. Solicitor General* for defendants in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

In October, 1873, the firm of Heinemann, Payson & Morgan bought, paid for, and exported from Taganrog, in Russia, some colored carpet wools, the actual cost of which, exclusive of charges, was below twelve cents per pound, at the time and place of exportation. They were imported into the port of New York, and entered at the custom-house there January 5, 1874, at the invoice value of 41,975.01 silver roubles. The collector reduced the amount into United States money at 77.17 cents to the rouble. This made the value of the wool greater than twelve cents per pound, and the collector exacted a duty on it of six cents per pound. The importers protested that the rouble should be computed at seventy-five cents, which would have made the value twelve cents or less per pound, and the duty would have been three cents per pound. The tariff act in force at the time of the entry was § 1 of the act of March 2, 1867, c. 197, 14 Stat. 560, which, as applicable to the merchandise, which was wool of the third class, provided as follows: "Upon wools of the third class, the value whereof at the last port or place whence exported into the United States, excluding charges in such port, shall be twelve cents or less per pound, the duty shall be three cents per pound; upon wools of the same class, the value whereof at the last port or place whence exported to the United States, excluding charges in such port, shall exceed twelve cents per pound, the duty shall be six cents per pound." The Secretary of the Treasury, on appeal, confirmed the action of the collector, and the importers, after paying the duty exacted, to obtain their goods, brought this suit against the collector to recover the alleged excess.

Section 1 of the act of March 3, 1843, c. 92, 5 Stat. 625, provided, "that in all computations of the value of foreign moneys of account at the custom-houses of the United States, . . . the rouble of Russia shall be deemed and taken to be of the value of seventy-five cents."

On the 3d of March, 1873, the following act was approved, 17 Stat. 602, c. 268:

" SEC. 1. That the value of foreign coin, as expressed in the money of account of the United States, shall be that of the pure metal of such coin of standard value; and the values of the standard coins in circulation of the various nations of the world shall be estimated annually by the director of the mint, and proclaimed on the first day of January by the Secretary of the Treasury.

" SEC. 2. That in all payments by or to the treasury, whether made here or in foreign countries, when it becomes necessary to compute the value of the sovereign or pound sterling, it shall be deemed equal to four dollars eighty-six cents and six and one half mills, and the same rule shall be applied in appraising merchandise imported, when the value is, by the invoice, in sovereigns or pounds sterling, and in the construction of contracts payable in sovereigns or pounds sterling; and this valuation shall be the par of exchange between Great Britain and the United States; and all contracts made after the first day of January, eighteen hundred and seventy-four, based on assumed par of exchange with Great Britain, of fifty-four pence to the dollar, or four dollars forty-four and four ninths cents to the sovereign or pound sterling, shall be null and void.

" SEC. 3. That all acts and parts of acts inconsistent with these provisions be, and the same are hereby, repealed."

In pursuance of this statute the director of the mint estimated the value of the Russian rouble for the year 1874 at 77.17 cents in United States money of account, and the Secretary of the Treasury thereafter, on the 20th of December, 1873, proclaimed by a circular addressed to the collectors of customs, that, " from and after January 1st, 1874, the following table of standard values of foreign moneys, reduced to the moneys of account of the United States, will, until otherwise provided for by law or regulation, be taken at customhouses in computing the invoice value of all imported merchandise expressed in such currency, to wit, Russian roubles of 100 copecks, silver, 77.17."

The foregoing facts appearing at the trial of the case before the court and a jury, the plaintiffs contended that the wool was purchased before the act of March 3, 1873, took

effect, and that the value in United States money should have been computed as of the time of exportation. These positions were overruled by the court, and it directed the jury to find a verdict for the defendant, which was done under the objection and exception of the plaintiffs. To review a judgment for the defendant the plaintiffs have brought this writ of error.

The decision of this court in *The Collector* v. *Richards*, 23 Wall. 246, establishes that the effect of the act of 1873 was to fix the value of the Russian silver rouble, in the money of account of the United States, for the purpose of computing, at the custom-house, the amount of an invoice of imported goods, and, consequently, to repeal the act of 1843. See, also, *Cramer* v. *Arthur*, 102 U. S. 612; *Hadden* v. *Merritt*, 115 U. S. 25.

Evidence that the merchandise cost, exclusive of charges, less than twelve cents per pound, at the time and place of exportation, could not affect the question, because, although the duty was imposed according to the value of the goods " at the last port or place whence exported to the United States," yet, when that value was stated, in the invoice, in the foreign silver currency, its equivalent in the money of account of the United States could not be computed, for the purpose of the entry of the goods at the custom-house, for duty, at any sum less than the invoice or entered value. Section 7 of the act of March 3, 1865, c. 80, 13 Stat. 493, in force at the time of this importation, provided that, in all cases where the duty imposed by law should be based upon the value of any specified quantity of merchandise, the value upon which the duty should be assessed should be its actual market value or wholesale price at the period of exportation, in the principal markets of the country of exportation, but that the duty should not be assessed "upon an amount less than the invoice or entered value, any act of Congress to the contrary notwithstanding." This made it imperative on the collector to compute the value of the silver rouble, at the time of the entry, according to that value as determined in accordance with the act of 1873, which was 77.17 cents. The duty was imposed by the statute ac-

cording to the "value" of the goods at the time and place of exportation. The importer stated that "value," in the foreign coin, in his invoice and entry. The statute as to computation applied as of the date of entry, to such entered value. Hence it could not affect the question to show that the "cost" of the goods abroad, computing the rouble at a lower rate, as of the date of exportation, was twelve cents or less per pound.

*Judgment affirmed.*