## UNITED STATES v. BEEBE et al.

### (Circuit Court, D. Massachusetts. August 27, 1900.)

### No. 858.

**1. CUSTOMS DUTIES—VALUATION OF FOREIGN COINS—PROCLAIMED VALUE THE BASIS OF ESTIMATE.**

Under Tariff Act 1894, § 25 (28 Stat. 552), providing that the values of standard foreign coins shall be estimated quarterly by the director of the mint, and be proclaimed by the secretary of the treasury, and that the values so proclaimed shall be followed in estimating the value of all foreign merchandise exported to the United States, the secretary of the treasury has no authority to direct the liquidation of an entry for customs duties on the basis of the exchange value of the foreign coin as declared by the consular certificate.

**2. SAME—APPROVAL OF WRONG ESTIMATE—EFFECT.**

The approval by the secretary of the treasury of the liquidation of an entry for customs duties by the collector of the port upon the basis of the exchange value of the foreign coin specified in the invoice, as declared in the consular certificate, does not amount to a reliquidation of the entry under Tariff Act 1894, § 25 (28 Stat. 552), providing that the secretary of the treasury may order the reliquidation of any entry at a different value, upon satisfactory evidence that the value in United States currency of the foreign money specified in the invoice was at the date of certification at least 10 per cent. more or less than the value proclaimed during the quarter in which the consular certification occurred.

**3. SAME—REVIEW OF ESTIMATE BY CIRCUIT COURT.**

The action of the collector of a port, declining to accept the proclaimed value of a foreign standard coin, and in adopting the value declared in the consular certificate, thereby increasing the amount of customs duty to be paid upon imported merchandise, although approved by the secretary of the treasury, is reviewable, on the protest of the importer, by the board of general appraisers and by the circuit court under Customs Administrative Act June 10, 1890, §§ 14, 15, providing for an appeal by an importer from a liquidation by the collector of a port to the board of general appraisers, and from the board to the circuit court.

Boyd B. Jones, U. S. Atty., and A. H. Washburn, Asst. U. S. Atty. Whipple, Sears & Ogden, for importers.

COLT, Circuit Judge. This petition for review is governed by the principles laid down in U. S. v. Newhall & Co. (C. C.) 91 Fed. 525. In that case this court reached the following conclusions: (1) In reducing foreign standard coins to United States currency, for the assessment of duties, the basis in all cases is the value of the pure metal in such coins, and not their exchange value. (2) This long-established rule was not changed by the proviso to section 25 of the tariff act of 1894 (28 Stat. 552) as to reliquidations where it appeared that the value of the foreign money specified in an invoice had varied at the time of the invoice more than 10 per cent. from that proclaimed by the secretary of the treasury for that quarter. (3) A collector is not authorized, because the consular certificate accompanying an invoice shows the current exchange value of the money of the invoice to be more than 10 per cent. greater or less than the proclaimed value for the quarter, to depart from such proclaimed value, and adopt, for the purpose of assessing the duty, the exchange value shown by the certificate. (4) The action of a collector in declining to accept the proclaimed value of a foreign standard coin, and in adopting another

103 F.—50

standard, thereby increasing the amount of duty on imported merchandise, does not relate to a disputed appraisement, but to the amount of duties; and under Customs Administrative Act June 10, 1890, §§ 14, 15, is reviewable, on the protest of the importer, by the board of general appraisers and the circuit court.

The present case presents the same state of facts as U. S. v. Newhall & Co., except in two particulars:

First. To the estimate of the pure-metal value of foreign coins, including the rupee, in United States money, by the director of the mint, as proclaimed by the secretary of the treasury on July 1, 1898, was appended the following note: "Value of the rupee to be determined by consular certificate." This annotation was clearly unauthorized and void under section 25 of the tariff act of 1894, as construed by the court in U. S. v. Newhall & Co.

Second. The secretary of the treasury wrote a letter to the collector, approving his action in liquidating the entry on the basis of the exchange value of the rupee, as certified by the United States consul in the invoice, as follows:

"Washington, D. C., March 31, 1899.

"Collector of Customs, Boston, Mass.—Sir: The department is in receipt of your letter of the 20th ultimo, transmitting the following described protest against your action in estimating the value of the India rupee in certain importations from Madras, India, on the basis of the values shown in the U. S. consular certificates attached to the invoices: Protest 111, of Messrs. Lucius Beebe & Sons, dated Boston, Feb. 17, 1899; importation, 27 bales of tanned goat skins, per Columbian, Oct. 18, 1898; entry liquidated Feb. 17, 1899. You submit the invoices, Nos. 1,610 and 1,611, dated Madras, India, August 11 and September 1, 1898, respectively, for the inspection of the department, and call attention to the fact that the U. S. consular certificates attached thereto state that the exchange value of the rupee, in which currency the said invoices are made out, was, at the date of shipment, 32.11 cents, estimated in U. S. gold dollars, and that inasmuch as said valuation is more than ten per centum greater than the value of the India rupee as estimated by the director of the mint for the quarter covering said shipment, you have, following department's rulings, synopses 17,766 and 18,110, assessed duties on the basis of the valuation of the India rupee as certified by the U. S. consul on said invoices. In reply, I have to inform you that from an inspection of the invoices, and of the U. S. consular certificates attached thereto, the department is satisfied that the correct and true value of the India rupee was, at the date of shipment of the said merchandise, in fact more than ten per centum greater than that estimated by the director of the mint for the quarter covering said shipments. Your action in liquidating the entry on the basis of this higher valuation for the India rupee is therefore hereby approved, under the authority conferred upon the secretary of the treasury by section 25 of the act of August 28, 1894."

The consular certificate bearing the date of August 11, 1898, reads:

"I further certify that the exchange value of the rupee, in which currency the annexed invoice of merchandise is made out, is at this date 32.11 cents, estimated in United States gold dollars."

The collector liquidated the entry February 17, 1899. The entry bears this stamp:

"Custom House, Boston, February 17, 1899. Liquidated."

The proviso in section 25 is as follows:

"The secretary of the treasury may order the reliquidation of any entry at a different value, whenever satisfactory evidence shall be produced to him

showing that the value in United States currency of the foreign money specified in the invoice was, at the date of certification, at least ten per centum more or less than the value proclaimed during the quarter in which the consular certification occurred."

The contention of the government is that the approval by the secretary of the treasury in his letter of March 31, 1899, of the action of the collector was a reliquidation of the entry under this proviso, and that such reliquidation is conclusive, and not subject to review by the board of general appraisers or by the circuit court. The proviso says that "the secretary of the treasury may order the reliquidation of any entry at a different value." If we are to give any signification to the words "reliquidation" and "different value," they mean, in connection with the preceding part of the section, that there must have been a liquidation of the entry at the proclaimed value before the secretary can direct a reliquidation at a different value. We do not find in this case any order of the secretary directing a reliquidation of the entry at a different value from the proclaimed value, nor any reliquidation by the collector. The record discloses a single liquidation by the collector upon a basis not in conformity with law, as held by this court in U. S. v. Newhall & Co., and an approval of such action by the secretary. To hold such approval of the collector's liquidation based upon a wrong principle, a reliquidation under the proviso of section 25 would, in my opinion, do violence to the express language of the statute. To adopt such a construction is to declare that the collector, in the first instance, may liquidate an entry, not upon the proclaimed value in pure metal of the foreign coin as required by section 25, but upon any standard of value he chooses to adopt, and that such liquidation is lawful and binding, provided the secretary of the treasury ratifies his action under the authority conferred by the proviso. I am unable to assent to the able and ingenious argument of the government's counsel in support of this interpretation of the statute. Whether this case is reviewable by the board of general appraisers or by the circuit court depends upon whether there has been a reliquidation under the proviso of section 25. A valid reliquidation under this proviso would seem to be as conclusive as the proclaimed value under the preceding part of the section. Cramer v. Arthur, 102 U. S. 612, 619, 26 L. Ed. 259; Hadden v. Merritt, 115 U. S. 25, 27, 29 L. Ed. 333; U. S. v. Klingenberg, 153 U. S. 93, 99, 14 Sup. Ct. 790, 38 L. Ed. 647. The decision of the board of general appraisers is affirmed.

The court makes the following findings of fact:

(1) The importation in this case consists of 27 bales of tanned goat skins, shipped to Boston, Mass., from Madras, India. Said merchandise was included in two invoices, one dated August 11, 1898, for 13 bales of skins, and the second dated August 31, 1898, for 14 bales of skins.

(2) The invoice dated August 11th showed a total value for the merchandise therein referred to, including certain nondutiable charges, amounting to rupees (silver) 290./6./4, as follows: Rupees (silver) 9,187./15./4.

(3) The invoice dated August 31st showed a total value for merchandise therein referred to, including certain nondutiable charges,

amounting to rupees (silver) 337./15./5, as follows: Rupees (silver) 9,150./5./10.

(4) The total value of the merchandise included in both of said invoices, including nondutiable charges, the total of which is rupees 628./5./9, amounts to: Rupees (silver) 18,338./5./2.

(5) Said 27 bales of goat skins were entered for consumption by Lucius Beebe & Sons, the respondents and owners of said merchandise, in the port of Boston and Charlestown, October 18, 1898. After deducting from the invoice value the sum of rupees 628./5./9, for nondutiable charges, the dutiable value, as ascertained at the custom house, Boston, is as follows: Rupees (silver) 17,709./15./5, and also in dollars $5,687, reduced at the rate of 32.11 cents per rupee. Duties were paid by the respondents on October 19, 1898, at the rate of 10 per cent. ad valorem on said $5,687.

(6) On July 1, 1898, the secretary of the treasury issued a circular, the material parts of which are as follows:

"Value of Foreign Coins. 1898.

"Department Circular No. 124.

"Treasury Department, Bureau of the Mint.

"Washington, D. C., July 1, 1898.

"Hon. Lyman J. Gage, Secretary of the Treasury—Sir: In pursuance of the provisions of section 25 of the act of August 28, 1894, I present in the following table an estimate of the values of the standard coins of the nations of the world:

| Country. | Standard. | Mon. Unit. | Value in terms of U. S. gold dollar. | Coins. |
|---|---|---|---|---|
| India. | Silver. | Rupee. | .199 | Gold, mohur (7.105) Silver; rupee and divisions. |

\* \* \* \* \* \* \* \* \* \*

"(Appended to the estimates is the following footnote:)

"Value of the rupee to be determined by consular certificate.

"Respectfully yours,

"B. F. Butler, Acting Director of the Mint.

"Treasury Department. Office of the Secretary.

"Washington, D. C., July 1, 1898.

"The foregoing estimate by the director of the mint, of the values of foreign coins, I hereby proclaim to be the values of such coins in terms of the money of account of the United States, to be followed in estimating the value of all foreign merchandise exported to the United States on or after July 1, 1898, expressed in any of such metallic currencies.

"L. J. Gage, Secretary of the Treasury."

(7) Attached to the invoice of August 11 was the following consular certificate, dated August 11, 1898:

"I further certify that the exchange value of the rupee, in which currency the annexed notice of merchandise is made out, is at this date 32.11 cents, estimated in United States gold dollars."

(8) Attached to the invoice of August 31st was a similar consular certificate, under date of September 1st.

(9) The entry was liquidated by the collector on February 17, 1899, at the exchange value of the rupee, namely, 32.11 cents, as certified

by the consul. Thereafter, on the same day, the protest and notice of appeal from said liquidation was duly filed by the respondents.

(10) Reduced into United States money at the rate proclaimed July 1, 1898, namely, 19.9 cents, the entered value of said merchandise, namely, rupees (silver) 17,709./15./5, would amount to $3,524, and the amount of duties payable thereon at 10 per cent. ad valorem would amount to $352.40.

Under the facts, the court makes the following rulings of law:

(1) The court rules that the note appearing at the foot of the quarterly estimate of coin value, on July 1, 1898, "The value of the rupee to be determined by consular certificate," gave no right, power, or authority to the collector to liquidate the entry in question at the value of the rupee stated by the United States acting consul in the certificates attached to the two invoices.

(2) The collector, in adopting the exchange value of the rupee as certified by the United States consul, and in not adopting the proclaimed value for the rupee, in liquidating the entry in question, acted illegally, and the board of general appraisers had jurisdiction to order a reliquidation at the proclaimed value.

(3) The decision of the board of general appraisers must be sustained unless it is shown that there has been a valid reliquidation of the entry in question under the authority conferred upon the secretary of the treasury by the proviso of section 25 of the tariff act of August 28, 1894.

(4) The court rules that there is no evidence of the reliquidation of this entry, and that said entry has never been reliquidated.

(5) The court rules that the letter of the assistant secretary of the treasury, dated March 31, 1899, does not contain an order for the reliquidation of the entry in question, nor does it amount to a reliquidation of the same.