## KLUMPP et al. v. THOMAS.

### (Circuit Court of Appeals, Third Circuit. May 14, 1908.)

### No. 30.

**1.** CUSTOMS DUTIES — RELIQUIDATION — STATUTORY LIMITATION — PENDENCY OF PROTEST.

Under Act June 22, 1874, c. 391, § 21, 18 Stat. 190 (U. S. Comp. St. 1901, p. 1986), providing that in the absence of protest the settlement of duties shall become final one year after entry, the filing of a protest suspends the running of the statute until the protest is decided.

**2.** STATUTES—STATUTES OF LIMITATION—SUSPENSION OF OPERATION.

Statutes of limitation are statutes of repose, based on the likelihood that inaction for a protracted period would not occur unless a settlement had been made; and while litigation is going on. and the parties are using legal proceeding to effect a settlement. it would be at variance with the principles underlying limitations to hold that such statutes were then running.

**3.** CUSTOMS DUTIES—CURRENCY FLUCTUATIONS—FINALITY OF DECISION BY SECRETARY OF TREASURY AND BY BOARD OF GENERAL APPRAISERS.

It is provided in Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 (U. S. Comp. St. 1901, p. 1933), that decisions by the Board of General Appraisers shall be final and conclusive upon all parties unless appealed from, and in Tariff Act Aug. 27, 1894, c. 349, § 25, 28 Stat. 552 (U. S. Comp. St. 1901, p. 2375), that the Secretary of the Treasury may in certain cases of fluctuation in currency values order a reliquidation of the duty on the basis of the actual value of the currency. After said board, acting under said section 14, had decided that merchandise was dutiable on the basis of the metal value of the currency of the invoice, and the entry had been reliquidated accordingly by the collector, no appeal having been taken in the time prescribed by law, the Secretary of the Treasury ordered a further reliquidation at a higher value, under the authority of said section 25. *Held*, that the action of the Secretary, rather than the unappealed decision of the board, was conclusive.

**4.** SAME—COURTS—JURISDICTION—ACTION FOR REFUNDS.

This decision affirms the Circuit Court in holding that. under section 629, Rev. St. (U. S. Comp. St. 1901, p. 503), giving Circuit Courts jurisdiction over suits "arising under any act providing revenue from imports," an importer may maintain an action at law against a collector of customs who withholds refunds accruing under a decision by the Board of General Appraisers.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

The case involves construction of the following statutory provisions:

"Sec. 25. That the value of foreign coin as expressed in the money of account of the United States shall be that of the pure metal of such coin of standard value; and the values of the standard coins in circulation of the various nations of the world shall be estimated quarterly by the Director of the Mint, and be proclaimed by the Secretary of the Treasury. * * * And the values so proclaimed shall be followed in estimating the value of all foreign merchandise exported to the United States during the quarter for which the value is proclaimed: * * * provided, that the Secretary of the Treasury may order the reliquidation of any entry at a different value whenever satisfactory evidence shall be produced to him showing that the value in United States currency of the foreign money specified in the invoice was, at the date of certification. at least ten per centum more or less than the value proclaimed during the quarter in which the consular certification occurred."

Tariff Act Aug. 27, 1894, c. 349, § 25, 28 Stat. 552 (U. S. Comp. St. 1901, p. 2375).

"Sec. 21. * * * Whenever duties upon any imported goods, wares and merchandise shall have been liquidated and paid, * * * such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud, and in the absence of protest by the owner, importer, agent or consignee, be final and conclusive upon all parties." Act June 22, 1874, c. 391, § 21, 18 Stat. 190 (U. S. Comp. St. 1901, p. 1986).

"Sec. 14. * * * [The] board shall examine and decide the case thus submitted, and their decision, or that of a majority of them, shall be final and conclusive upon all persons interested therein, and the record shall be transmitted to the proper collector or person acting as such, who shall liquidate the entry accordingly, except in cases where an application shall be filed in the Circuit Court within the time and in the manner provided for in section 15 of this act." Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 (U. S. Comp. St. 1901, p. 1933).

"The Circuit Courts shall have original jurisdiction * * * of all suits at law or in equity, arising under any act providing revenue from imports." Extract from section 629, Rev. St. (U. S. Comp. St. 1901, p. 503).

Walden & Webster and Joseph M. Dohan, for plaintiffs in error.

J. Whitaker Thompson and Walter C. Douglas, Jr., for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Klumpp and others, on April 21, 1906, brought suit against Thomas, collector of the port at Philadelphia, to recover $3,148.35, being duties alleged to have been wrongfully collected and retained on merchandise imported by them from India. At the trial the court directed a verdict for the defendant. On entry of judgment, Klumpp sued out this writ.

The goods in question were imported in 1897 and 1898. At this time the metal value of the Indian rupee ranged from 19 to 22 cents, while its exchange value was about 32 cents, as stated in the consular certificates of the invoices. The collector liquidated at exchange value. The importer paid that amount and filed a protest, which on August 11, 1905, the Board of Appraisers sustained. The entries were then reliquidated by the collector at metal value basis. On November 15, 1905, no refund having been made, the Secretary of the Treasury notified the collector that satisfactory evidence had been produced to him showing that the true value of the rupee in India in United States money at the respective dates of importation of these shipments was more than 10 per cent. in excess of the valuations estimated by the Director of the Mint and proclaimed by the Secretary of the Treasury for the quarters covering the importations. He instructed the collector to reliquidate the entries, and therein to reduce the money of the invoices to Unites States currency at the rate shown in the consular certificates. On December 15, 1905, the collector did so and adopted the original standard of liquidation.

It is contended by the importer that the collector was debarred from such action by the limitation statute (Act June 22, 1874, c. 391, § 21, 18 Stat. 190 [U. S. Comp. St. 1901, p. 1986]). Assuming, for argument's sake, that such statute applies where protests are filed, though the contrary has been held in Kendall v. Lyman, 161 Fed. 652, it is clear to us that no limitation would run while a protest was pending

and undecided. Statutes of limitation are statutes of repose, and are based on the likelihood that inaction for a protracted period would not occur unless a settlement had been made. But where litigation is going on, where the parties are using legal proceedings to effect a settlement, it would be at variance with the principles underlying limitations to hold that such statutes were then running. Hence the doctrine that the bringing of a suit suspends the running of a statute. "Fraud, or the pendency of a protest which tends to retard the proceeding, extends the time." United States v. Fox (D. C.) 53 Fed. 536. It would therefore seem that until the protest in this case was finally determined on August 11, 1905, the running of the statute was suspended. This view renders it unnecessary to discuss the question whether the act of 1874, quoted, applies to the power delegated to the Secretary of the Treasury under the act of 1894 referred to hereafter.

The reliquidation being in time, we are clear the Secretary of the Treasury had, under the facts which here existed, the right, under Act August 27, 1894, c. 349, § 25, 28 Stat. 552 (U. S. Comp. St. 1901, p. 2375) to order a reliquidation at a different value. In United States v. Whitridge, 197 U. S. 146, 25 Sup. Ct. 406, 49 L. Ed. 696, it was said:

"We are of opinion that, when the Secretary has satisfactory evidence of that state of facts, under the proviso he is authorized to order a reliquidation, in order to make the value in United States currency correspond with the actual value of the goods."

The action of the Secretary under the proviso was conclusive (Cramer v. Arthur, 102 U. S. 612, 26 L. Ed. 259; Hadden v. Merritt, 115 U. S. 25, 5 Sup. Ct. 1169, 29 L. Ed. 333; United States v. Klingenberg, 153 U. S. 93, 14 Sup. Ct. 790, 38 L. Ed. 647), and warranted the reliquidation by the collector.

The importer had, therefore, no right to a refund, the case below was rightly decided, and its judgment is affirmed.

NOTE.—The following is the opinion of Holland, District Judge, in the District Court:

HOLLAND, District Judge. This is a motion for judgment against the United States for want of a sufficient affidavit of defense. The merchandise in question was imported in 1897 and 1898. The duties were assessed and collected upon a valuation expressed in the invoices in rupees, taken at the exchange value of the coin and not at the proclaimed value of the metal fixed by the Director of the Mint for the period in which this merchandise was imported. The importer protested, and was sustained by the Board of General Appraisers August 11, 1905, and immediately thereafter the collector liquidated the importations at the proclaimed value. On December 15th the Secretary of the Treasury, in accordance with the proviso in Act Aug. 27, 1894, c. 349, § 25, 28 Stat. 552 (U. S. Comp. St. 1901, p. 2375), directed the collector to reliquidate the duties on these importations upon a basis of the exchange value of the rupees—the money of the country from which the merchandise was imported. This reliquidation is set up as the only matter of defense; and, if lawful, it follows that the plaintiffs cannot recover.

The defendant, at the argument, however, urged in addition that the plaintiff could not maintain this suit, as no right of action against the collector exists for the adjustment of such a claim as is involved in this case, but that the statutory remedy alone can be pursued. While both reasons were urged

at the argument against the rule, the pleadings raise only the first. The Supreme Court has ruled that the Secretary has a right to order a reliquidation on the basis of exchange value of the invoice currency. U. S. v. Whitridge, 197 U. S. 135, 25 Sup. Ct. 406, 49 L. Ed. 696. It is true that he is not authorized to do so after the expiration of a year, except in case of fraud, and in cases where there has been a protest by the owner or importer. In this case there was a protest by the importer, sustained by the board, and the collector liquidated in accordance with the decision. The Secretary of the Treasury then, for the first time, was aware that in order to collect the proper amount of duties it was necessary to order a reliquidation, as the exchange value of the invoice currency was more than 10 per cent. greater than the bullion value; and within four months after the decision of the General Appraisers this final liquidation, in accordance with the order of the Secretary of the Treasury, was made as authorized by the proviso of the act of 1894. I am now of the opinion if these facts be established at the trial of the case, the plaintiff cannot recover; however this may be, the matter can best be disposed of at the trial when all the facts are established, and both questions raised on the record.

The rule for judgment for want of a sufficient affidavit of defense is discharged.

### On Rehearing.

Upon a re-examination of the law and the facts in this case, we conclude (1) that the plaintiff is entitled to maintain this suit under section 629, Rev. St. (U. S. Comp. St. 1901, p. 503), as construed by the Supreme Court in Downes v. Bidwell, 182 U. S. 244, 21 Sup. Ct. 770, 45 L. Ed. 1088; (2) but as the Secretary of the Treasury had a right under the act of 1894 to order the reliquidation of the entry, in accordance with the exchange value of the invoice currency, the plaintiff suffered no injury, and is not entitled to recover any money in the hands of the collector. The facts set up by the affidavit of defense were established at the trial; and for the reasons given on this last question in Klumpp v. Thomas (C. C.) T. D. 28.453, when the case was before us on the sufficiency of the affidavit, judgment is entered for the defendant.