J. K. CLARKE *v.* UNITED STATES (No. 3287)[1]

[1] T. D. 43866.

United States Court of Customs and Patent Appeals, February 6, 1930

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*James R. Ryan*, special attorney, of counsel), for the United States.

[Oral argument December 12, 1929, by Mr. Baldwin and Mr. Ryan]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This cause arose under the Tariff Act of 1913 and is governed by, and must be decided under, the laws then in force, this being expressly provided by section 641 of the Tariff Act of 1922.

The pertinent facts of the case are that the merchandise involved was entered December 31, 1918, and February 19, 1919, respectively, under the Tariff Act of 1913.

The invoices covering the merchandise are in rupees, the currency of India, from which country it was exported. These invoices were certified October 10, 1918, and December 12, 1918, respectively.

The first liquidations of the entries were made by the collector of customs at Honolulu, January 28, 1919, and May 18, 1919, respectively, on the basis of the value of the rupee at the time of exportation as estimated by the Director of the Mint and proclaimed by the Secretary of the Treasury under the provisions of section 25 of the Tariff Act of 1894 which had been continued in effect by the Tariff Act of 1913. This section reads as follows:

SEC. 25. That the value of foreign coin as expressed in the money of account of the United States shall be that of the pure metal of such coin of standard value; and the values of the standard coins in circulation of the various nations of the world shall be estimated quarterly by the Director of the Mint, and be proclaimed by the Secretary of the Treasury immediately after the passage of this Act and thereafter quarterly on the first day of January, April, July, and October in each year. And the values so proclaimed shall be followed in estimating the value of all foreign merchandise exported to the United States during the quarter for which the value is proclaimed, and the date of the consular certification of any invoice shall, for the purposes of this section, be considered

the date of exportation: *Provided*, That the Secretary of the Treasury may order the reliquidation of any entry at a different value, whenever satisfactory evidence shall be produced to him showing that the value in United States currency of the foreign money specified in the invoice was, at the date of certification, at least ten per centum more or less than the value proclaimed during the quarter in which the consular certification occurred.

The rate, which had been proclaimed by the Secretary of the Treasury as found by the Director of the Mint for the quarters during which the exportations took place, was 32.44 cents per rupee, this being the value "expressed in the money of account of the United States." Upon this rate the collector made the first liquidations. Subsequently, by direction of the Secretary of the Treasury, there was a reliquidation upon the basis of a value of 36.56 cents per rupee under the proviso of section 25 of the act of 1894, *supra*, it being alleged that this was, in fact, the value at the time of exportation instead of the 32.44 cents per rupee first taken as the basis.

The appellant protested this reliquidation, alleging that the new value of 36.56 cents per rupee was the value in India and not the value in the United States, claiming the latter value to have been in fact only 35.73 cents per rupee, and insisting this latter value should be the basis.

No question of jurisdiction was raised upon the trial before the Customs Court, and that tribunal passed upon the case and over-ruled the protest.

From the judgment of the Customs Court appellant prosecutes an appeal to this court.

In this court the Government for the first time raises the question of jurisdiction and insists that the action of the Secretary of the Treasury pursuant to section 25 of the Tariff Act of 1894 is not reviewable by the United States Customs Court nor by this court on appeal. It seems proper that the jurisdictional question should receive first attention.

It has been several times raised and there are a number of court decisions bearing upon it, some directly, others more remotely. No comprehensive review of these decisions is deemed necessary. Among them are *Cramer* v. *Arthur*, 102 U. S. 612; *Hadden* v. *Merritt*, 115 U. S. 25; *United States* v. *Klingenberg*, 153 U. S. 98, 99; *United States* v. *Newhall & Co.*, (C. C.) 91 Fed. 525; *United States* v. *Lucius Beebe & Sons*, 122 Fed. 762; *United States* v. *Whitridge*, 197 U. S. 135; and *In Re Parkhurst*, first presented to the Board of General Appraisers (now the U. S. Customs Court) T. D. 39977, G. A. 8732, and later to this court, 12 Ct. Cust. Appls. 370, T. D. 40522.

Construing the language of the statute in the light of these several decisions, we conclude that authority for a judicial review of the findings of the Secretary and the action of the collector under such findings ·is limited to determining simply whether the order made

is by its terms in conformity with the statute and whether the collector has correctly applied the law in making the reliquidation directed.

For illustration, if the Secretary of the Treasury, in making proclamation of coin value, purporting to be under the first portion of section 25, should, in fact, issue an order declaring a value which was not that estimated by the Director of the Mint but one obtained from some other source, we apprehend that the appropriate courts, from the order itself, would determine and declare that it was not in conformity with law and was, therefore, invalid and not binding upon collectors and importers, but when the order shows the value to be as estimated by the director, then the act is conclusive and the courts have no authority to inquire into or review it.

We think Congress intended that the proviso should be construed to have the same legal and binding effect, and that the acts of the Secretary thereunder should have the same conclusive force as his act under the first portion of the section.

In the *Hadden* case, *supra*, the Supreme Court, referring to the coin value proclaimed by the Treasury Department, said:

\* \* \* There is no value, and can be none in such cases, except as thus ascertained; and the duty of ascertaining and declaring their value, cast upon the Treasury Department, is the performance of an executive function, requiring skill and the exercise of judgment and discretion, which precludes judicial inquiry into the correctness of the decision.

The law as thus declared was in accord with the previous case of *Cramer* v. *Arthur*, *supra*.

At the time of these two decisions the proviso of section 25 was not a part of the law. This proviso was inserted for the first time in the act of 1894 and the history of it indicates that the reason for its enactment is to be found in the numerous violent fluctuations in the market value of silver which had taken place during the two years immediately preceding its passage.

It has now been repealed and is no longer the law, but it was in force at the time of the instant importations and applies in this case.

Giving to it the same construction which the Supreme Court gave to the language of the first portion of the section, it follows that if the finding of the Secretary, upon which the reliquidation is directed, shows upon its face that it conforms to the law, it is conclusive and binding and is likewise not subject to judicial inquiry as to its correctness, and if the collector's action conforms thereto it should be sustained.

This holding we believe to be in harmony with what was said by the Supreme Court in the *Whitridge* case, *supra*, which case, we think by implication, at least, overruled the holding of the United States Circuit Court in the *Beebe* case, *supra*, to the effect that the

value declared as the basis for reliquidation, under the proviso, must be the metal value contemplated in the first portion of the section.

A careful examination of the *Parkhurst* case, *supra*, discloses that its decision turned wholly upon the fact that the collector had erroneously assessed duty upon goods entitled to free entry. There had been an entry of merchandise from China and duty had been assessed upon a value arrived at by converting Tientsin taels into United States value. No protest was made within 30 days after the original liquidation, but an order for reliquidation was issued by the Secretary of the Treasury, under the proviso to section 25, and this reliquidation was protested. This court, affirming the judgment of the Board of General Appraisers (now the U. S. Customs Court), held that the protest was timely and, since the collector had assessed duty upon merchandise found entitled to free entry, the law had not been correctly applied. The question of the correct values of the foreign coins or currency was not then in issue, and there was no necessity for any further consideration of the question of jurisdiction than was then had.

The procedure of the instant case was that on August 5, 1919, a general order, T. D. 38100, 37 Treas. Dec. 38, was issued by the Secretary, which recites:

The Department has received a despatch from the American Consul General at Calcutta, India, from which it appears that the value of the Indian rupee in United States money for the quarters, commencing July 1 and October 1, 1918, was $0.3656, or more than 10 per cent greater than the proclaimed value ($0.3244) for such quarters.

Upon the basis of the finding the reliquidation here complained of was ordered by the Secretary and made by the collector.

It will be observed that the Treasury decision recites that the increased value declared was "in United States money." Assuming, without deciding, that it would have been improper to take the value in India as the basis, the fact remains that the order does not show that such was taken, but tends to negative it. In any event, the department's finding by its terms and language conforms to the statute, and we hold that neither the Customs Court nor this court has the authority to go back of the order itself for an investigation of the values found and proclaimed.

It further appears that the action of the collector in assessing the duties upon reliquidating the entries was in accordance with the terms of the order and should be sustained.

As has been stated, the question of jurisdiction was not raised at the trial in the Customs Court, but was here presented for the first time. The conclusion which we have reached upon it is determinative of the case, and it is unnecessary that we should pass upon any of the other issues.

The judgment of the Customs Court is *affirmed*.