LACOMBE, Circuit Judge.
Defendants, on March 23, 1891, imported 60 bales of hops into the port of New York, and duly entered the same at the customhouse. The duty at that time was 15 cents a pound, and the entry was liquidated April 2, 1891, at $3,428.25. The entry being for warehouse, defendants executed the bond in suit, conditioned to be void in any one of these three events: (1) That the goods should be withdrawn within one year from date of importation, and duties paid; (2) or after one year, and within three, if so withdrawn, and duties paid, plus 10 per cent, added; (3) or if within three years they should be withdrawn for export. At various times down to and including February 23, 1893, parts of these hops were withdrawn, and duties paid thereon. A credit for decrease in weight was also allowed. Deducting these payments and credit from the liquidated amount of the duties, there remained still unpaid $571.35. On March 23, 1894, the three years allowed by the bond expired, and the obligors became indebted to the United States to the extent of the damages sustained by the latter. Rev. St. U. S. § 2971, provides that “any goods remaining in public store or bonded warehouse beyond three years shall be regarded as abandoned to the government and sold under such regulations as the secretary of the treasury may prescribe, and the proceeds paid into the treasury.” Section 2972 further provides that “the secretary of the treasury in case of any sale of merchandise remaining in public store or bonded warehouse beyond three years, may pay to the owner,” etc., “the proceeds thereof, after deducting duties, charges, and expenses, in conformity with the provision relating to the sale of merchandise remaining in a warehouse for more than one year.” This provision relating to goods remaining for more than one year—■ *886 i. e. “unclaimed” goods—will be found in section 2973. It provides for an appraisal and sale at public auction, and that “the proceeds of such sale, after deducting the usual rate of storage at the port in question, with all other charges and expenses, including duties, shall be paid over to the owner,” etc. The bales of hops remaining after the three years were appraised, and thereafter sold in April, 1895. The net proceeds of the sale were credited on account of the bond, and for the balance due, with interest, verdict was directed. The Wilson act of 1894, which went into effect on the date of its passage, August 28, 1894 (U. S. v. Burr, 159 U. S. 78, 15 Sup. Ct. 1002), reduced the duty on hops to eight cents a pound. The main contention of plaintiffs in error is that the collector should have deducted from the proceeds of the sale duties on the goods sold only at the rate fixed by the act of 1894. The argument is as follows: Section 2972 provides that the secretary of the treasury may pay to the owner the proceeds of a sale of merchandise remaining in bonded warehouse beyond three years in conformity with the provisions relating to sale of unclaimed goods. Section 2973, which deals with unclaimed goods, provides for an. appraisement of the goods to be sold. . Article 816 of the treasury regulations provides that there shall be deducted from the proceeds of sale “duties at the same rate as if the merchandise had been regularly withdrawn for consumption,” while article 817 provides that “duties will, in such cases, be assessed on the dutiable value found on appraisement at the rates chargeable at the time of such appraisement on ordinary entries for consumption, on importation.” The difficulty with this argument is that duties are imposed upon imported merchandise, not by the secretary of the treasury, but by congress. When the three years limited in the statute and the bond expired, March 23, 1894, the rights and liabilities of the parties became fixed; the goods were “abandoned” beyond any further right to redeem; the United States were entitled to sell them, and thus secure reimbursement for the duties unpaid at the rate fixed by existing law, viz. 15 cents. The collector had no authority, under treasury regulations, to accept less or to exact more, and no statute conferring such authority is referred to. On the contrary, the tariff act of 1894 expressly provides (section 72) that “the repeal of existing laws or modifications thereof embraced in this act shall not affect any act done, or any right accruing or accrued, * * * but all rights and liabilities under said laws shall continue and may be enforced in the same manner as if said repeal or modification had not been made.” This certainly saved the right of the United States to the 15-cent duty, and also the liability of the bondsmen to pay at that rate.
It is further suggested that section 2971 was repealed by section 54 of the act of October 1, 1890. Nothing need be added to the opinion of the circuit court of appeals, Ninth circuit, on this point. Anglo-California Bank v. Secretary of Treasury, 22 C. C. A. 527, 76 Fed. 742.
The objection that it was not sufficiently proved that the entire merchandise remaining in the warehouse had been sold is without *887 merit. The several exceptions to admissions of testimony have not been argued, and need not be discussed; they, also, are unsound. The judgment of the district court is affirmed.