## GULBENKIAN v. STRANAHAN.

(Circuit Court, S. D. New York. April 29, 1907.)

1. CUSTOMS DUTIES—RELIQUIDATION—VOLUNTARY SATISFACTION OF PROTEST.

A collector of customs sustained an importer's protest against the assessment of duty, instead of transmitting the protest to the Board of General Appraisers for decision, under Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933]. Held, that the provisions of the act were as well complied with by this action as they would have been by transmission of the case to the Board.

2. SAME—RELIQUIDATION BY ORDER OF SECRETARY OF TREASURY—ESTOPPEL.

The Secretary of the Treasury authorized a collector of customs to sustain an importer's protest relative to the value of the currency of the invoice; but, after reliquidation had taken place accordingly, he ordered a re-reliquidation, on the same basis as the original liquidation against which the protest had been made. This order was based on Tariff Act August 27, 1894, c. 349, § 25, 28 Stat. 552 [U. S. Comp. St. 1901, p. 2375], authorizing the Secretary to order reliquidation in certain currency cases. Held, that the rights of the Secretary, conferred by this section, were not impaired by his previous acquiescence in the importer's protest.

3. SAME—RELIQUIDATION AFTER ONE YEAR—PRESENCE OF PROTEST.

Act June 22, 1874, c. 391, § 21, 18 Stat. 190 [U. S. Comp. St. 1901, p. 1986], provides that the liquidation and settlement of duties shall become final "after the expiration of one year from the time of entry, in the absence of * * * protest." Held, that this prohibition does not apply where a protest has been filed, even though it has been sustained, and is no longer pending.

4. SAME—COLLECTOR OF CUSTOMS—LIABILITY—ACTS OF PREDECESSOR.

A collector of customs is not liable to importers for the failure of his predecessor to send the importers' protests to the Board of General Appraisers, under Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933].

5. SAME—LIABILITY FOR OBEYING SECRETARY OF TREASURY.

A collector of customs is not responsible for the action of the Secretary of the Treasury in ordering reliquidation under Tariff Act August 27, 1894, c. 349, § 25, 28 Stat. 552 [U. S. Comp. St. 1901, p. 2375], relating to currency fluctuations; and he is not liable to importers where he follows instructions issued by the Secretary under said section.

## At Law.

This case involves the following provisions of law:

"Sec. 25. That the value of foreign coin as expressed in the money of account of the United States shall be that of the pure metal of such coin of standard value; and the values of the standard coins in circulation of the

various nations of the world shall be estimated quarterly by the director of the mint and be proclaimed by the Secretary of the Treasury. * * * And the values so proclaimed shall be followed in estimating the value of all foreign merchandise exported to the United States during the quarter for which the value is proclaimed. * * * Provided, that the Secretary of the Treasury may order the reliquidation of any entry at a different value, whenever satisfactory evidence shall be produced to him showing that the value in United States currency of the foreign money specified in the invoice was, at the date of certification, at least ten per centum more or less than the value proclaimed during the quarter in which the consular certification occurred." Tariff act of 1894 (Act August 27, 1894, c. 349, § 25, 28 Stat. 552 [U. S. Comp. St. 1901, p. 2375]).

"Sec. 14. That the decision of the collector as to the rate and amount of duties chargeable upon imported merchandise * * * shall be final and conclusive, * * * unless the owner, importer, consignee or agent of such merchandise * * * shall within ten days after * * * liquidation of duties, * * * if dissatisfied with such decision, give notice in writing to the collector, setting forth therein distinctly and specifically * * * the reasons for his objections thereto, and if the merchandise is entered for consumption shall pay the full amount of the duties. * * * Upon such notice and payment the collector shall transmit the invoice and all the papers and exhibits connected therewith to the board of three general appraisers, * * * which board shall examine and decide the case thus submitted. * * *" Customs administrative act of 1890 (Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933].

"Sec. 21. * * * Whenever duties upon any imported goods, wares, and merchandise shall have been liquidated and paid, * * * such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud and in the absence of protest by the owner, importer, agent, or consignee, be final and conclusive upon all parties." Act June 22, 1874, c. 391, 18 Stat. 190 [U. S. Comp. St. 1901, p. 1986].

The plaintiffs are the members of the firm of Gullabi Gulbenkian & Company, who have brought the action against Nevada N. Stranahan, collector of customs at the port of New York, for the recovery of damages alleged to be due by reason of the wrongful withholding of excessive duties paid by the importers under protest, also by reason of breach of official duty in not forwarding the importers' protest to the Board of United States General Appraisers, as provided in said section 14. The case relates to importations into said port between June 30, 1899, and October 30, 1900, which was before said Stranahan had become collector of customs, and while his predecessor, George R. Bidwell, was still in office. The merchandise in question was imported from India, the invoices being made out in rupees, the currency of that country. The entries for the merchandise were liquidated on the basis of the exchange value of the rupee, as shown by consular certificates attached to the invoices; and the importers paid the duties on this basis, but filed protests against the action of the collector as provided in said section 14, contending "that the collector erred in regarding or taking as the value of the rupee the exchange value thereof; and * * * that instead he should have regarded and taken as the value of the rupee the proclaimed value as estimated by the director of the mint or the value of the pure metal of the coins in question." The collector did not forward these protests to the Board of General Appraisers in accordance with section 14, nor was he requested so to do by the importers; but he reliquidated the entries on the basis of the proclaimed value as contended in the protests. He, however, made no refund to the importers of the amounts accruing by virtue of the reliquidation, but again reliquidated the entries on the same basis as the original liquidation. Both this reliquidation and the re-reliquidation were made pursuant to specific instructions by the Secretary of the Treasury; the instructions as to the re-reliquidation being on the ground that there had been produced to the Secretary satisfactory evidence that the value in United States currency of the Indian rupee was 10 per cent. more than the value proclaimed during the quarter in which the consular certification of the invoice occurred, and that, therefore, under said section 25 of the tariff act of 1894, he was au-

thorized to direct the aforesaid re-reliquidation on the exchange value. No protests were filed by the importers with respect to the re-reliquidation.

The importers' complaint refers to three schedules. As to the first they subsequently disclaimed all right to recover damages. The second related to importations upon which the duties were liquidated, reliquidated, and re-reliquidated before the defendant herein became collector. Schedule 3 related to importations upon which the duties were originally liquidated by said Bidwell, defendant's predecessor, but were reliquidated and re-reliquidated by the defendant. As to the importations embraced in this last schedule, it appeared that all of the reliquidations and re-reliquidations were made after the expiration of one year from the time of entry. The importers contended that, the protests having been satisfied by the reliquidation, there was then an "absence of protest" within the meaning of said section 21. Consequently, more than a year having elapsed after entry, and there being no fraud, no further liquidations were legal, being contrary to the provisions of the section. Note United States v. Leng (D. C.) 18 Fed. 15; Cassel v. United States (C. C.) 146 Fed. 146; United States v. Fox (D. C.) 53 Fed. 531, 536; Gandolfi v. United States, 74 Fed. 549, 20 C. C. A. 652; and In re Benziger, G. A. 6224 (T. D. 26,898).

The plaintiffs asked the court to find as conclusions of law (1) that, upon the reliquidation of the entries by the collector, they became entitled to a refund of the amount of the duties paid on such entries in excess of the amount of such duties estimated in accordance with the pure metal value, as duly estimated by the director of the mint and proclaimed by the Secretary of the Treasury, of the currency in which the merchandise of such entries was invoiced; and (2) that any subsequent liquidation of said entries or any of them was contrary to law and void. The case was tried without a jury.

Hatch & Clute (Walter F. Welch, of counsel), for importers.
Winfred T. Denison, Asst. U. S. Atty., for collector.

HOUGH, District Judge. In my opinion section 14 of the administrative act of 1890 (Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933]) is complied with by either (1) transmitting all the papers and exhibits to the Board of General Appraisers, or (2) complying with the terms of the protest. In this view the claims based upon the importations enumerated in schedule 2 are disposed of by United States v. Whitridge, 197 U. S. 135, 25 Sup. Ct. 406, 49 L. Ed. 696; for if the Secretary of the Treasury, after a hearing before the Board of General Appraisers, could exercise his rights under section 25 of the act of 1894 (Act August 27, 1894, c. 349, 28 Stat. 552 [U. S. Comp. St. 1901, p. 2375]), he could certainly exercise the same rights after having once acquiesced in the terms of the protest.

As to the claims enumerated in schedule 3, it appears to me that, a protest having been duly filed, section 21 of chapter 391 of Act 1874, 18 Stat. 190 [U. S. Comp. St. 1901, p. 1986], does not apply. This is the inference I draw from the remarks at the foot of page 442, 124 U. S., page 558, 8 Sup. Ct., 31 L. Ed. 492 (Beard v. Porter). That is, as shown by the case last cited, since there was a protest against a prior liquidation or settlement of duty, it follows that such liquidation or settlement did not become final and conclusive at the expiration of a year or at the expiration of any other period, so far, at least, as that statute is concerned.

I am unable to acquiesce, however, in plaintiffs' position that a cause of action accrued against this defendant because such defendant's

predecessor in office unreasonably refused, for the space of nearly two years prior to his resignation, to give the plaintiffs any redress whatever; that is, he neither yielded to their protest, nor transmitted the papers to the Board of General Appraisers. It may well be that these plaintiffs had a cause of action against Bidwell, but all that Stranahan did was to obey the direct orders of the Secretary of the Treasury to (1) yield to the protest, but (2) pay nothing by reason thereof, and (3) send the papers on to Washington, where (4) steps were promptly taken to render the protest a vain thing. If the collector had even, under the compulsion of his superior officer, refused either to send the papers to the Appraisers or to yield to the protest, a cause of action might exist against him; but he did yield, and I do not think he is responsible for the final action of the Secretary of the Treasury, concerning which it is not necessary to express any opinion.

Judgment for defendant.