## KENDALL v. LYMAN.

(Circuit Court, D. Massachusetts. March 20, 1908.)

### No. 167.

1. CUSTOMS DUTIES—RELIQUIDATION—STATUTE OF LIMITATIONS.

Where a protest that had been filed by an importer had been sustained by the collector of customs and was no longer pending, and more than one year after entry of the importation in dispute the collector reliquidated the entry pursuant to instructions of the Secretary of the Treasury. *Held* that, as a protest had been filed, this action was not in conflict with Act June 22, 1874, c. 391, § 21, 18 Stat. 190 (U. S. Comp. St. 1901, p. 1986), making final the liquidation of duties "after the expiration of one year from the time of entry, in the absence of * * * protest."

2. SAME—PROTEST—DUTY TO TRANSMIT TO GENERAL APPRAISERS.

It is a breach of duty for a collector of customs to refuse to forward to the Board of General Appraisers protests which have been filed under Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 (U. S. Comp. St. 1901, p. 1933); and for this breach the protestant is entitled to damages.

**3. SAME—FAILURE TO FORWARD PROTEST TO GENERAL APPRAISERS—TECHNICAL BREACH OF DUTY.**

Only nominal damages are recoverable for a breach of the duty of a collector of customs to forward an importer's protest to the Board of General Appraisers, where the breach is technical, and actual damage has not been sustained.

## At Law. Action for damages.

This case involves the following statutory provisions:

"Sec. 25. That the value of foreign coin as expressed in the money of account of the United States shall be that of the pure metal of such coin of standard value; and the values of the standard coins in circulation of the various nations of the world shall be estimated quarterly by the Director of the Mint, and be proclaimed by the Secretary of the Treasury. * * * And the values so proclaimed shall be followed in estimating the value of all foreign merchandise exported to the United States during the quarter for which the value is proclaimed: * * * Provided, that the Secretary of the Treasury may order the reliquidation of any entry at a different value whenever satisfactory evidence shall be produced to him showing that the value in United States currency of the foreign money specified in the invoice was, at the date of certification, at least ten per centum more or less than the value proclaimed during the quarter in which the consular certification occurred." Tariff Act of Aug. 27, 1894, c. 349, 28 Stat. 552 (U. S. Comp. St. 1901, p. 2375).

"Sec. 14. That the decision of the collector as to the rate and amount of duties chargeable upon imported merchandise * * * shall be final and conclusive * * * unless the owner, importer, consignee or agent of such merchandise * * * shall within ten days after * * * liquidation of duties, * * * if dissatisfied with such decision, give notice in writing to the collector, setting forth therein distinctly and specifically * * * the reasons for his objections thereto, and if the merchandise is entered for consumption, shall pay the full amount of the duties. * * * Upon such notice and payment the collector shall transmit the invoice and all the papers and exhibits connected therewith to the board of three general appraisers * * * which board shall examine and decide the case thus submitted. * * *" Customs Administrative Act of 1890, Act June 10, 1890, c. 407, 26 Stat. 137 (U. S. Comp. St. 1901, p. 1933).

"Sec. 21. * * * Whenever duties upon any imported goods, wares and merchandise shall have been liquidated and paid, * * * such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud and in the absence of protest by the owner, importer, agent or consignee, be final and conclusive upon all parties." Act of June 22, 1874, c. 391, 18 Stat. 190 (U. S. Comp. St. 1901, p. 1986).

This action is brought by Frederick Kendall, an importer at the port of Boston, against George H. Lyman, collector of customs at that port. The case relates to imports subject to an ad valorem rate of duty, made from India in 1898, and invoiced in the rupee of that country. In converting the rupee into United States money, the collector computed on the basis of the exchange value of that coin and assessed duty accordingly. The importer protested, contending for assessment on the basis of the pure-metal value.

The collector did not send this protest to the Board of General Appraisers, but on August 21, 1905, acting under instructions from the Secretary of the Treasury, reliquidated the entry on the basis of the pure-metal value, as contended by the importer. He withheld from the importer, however, the refund accruing under this reliquidation, and on November 23, 1905, reliquidated the entry on the basis of the exchange value, thus re-establishing the original assessment.

This step was taken by the collector pursuant to a letter from the Secretary of the Treasury in which it was stated that satisfactory evidence had been produced to the Secretary that at the date of the consular certification of the invoice in question the value of the Indian rupee in United States currency exceeded by more than 10 per cent. the value estimated and proclaimed for

the quarter in which the consular certification occurred. This action of the Secretary was taken on the authority of section 25, supra.

The importer duly protested against this final liquidation, contending (1) that it was illegal under section 21, supra, because made more than one year after entry, and (2) that the Secretary of the Treasury had exceeded his powers in ordering it. The plaintiff requested the defendant to forward said protest to the Board of General Appraisers for their decision; but the defendant, acting under instructions from the Secretary, declined to do so.

The ground of the present action, as stated in the importer's brief, is substantially that the collector refused to obey the command of section 14, supra, that protests should be forwarded to the Board of General Appraisers, under which the importer had a right to have his case decided by the board, and that the collector in thus disobeying such command violated a duty that he owed to the importer, and became liable to him for all damages sustained thereby; that is, the amount of the refund which the importer would have been entitled to recover from the United States.

Whipple, Sears & Ogden, for importer.
William H. Garland, Asst. U. S. Atty.

COLT, Circuit Judge. Under the agreed statement of facts I have reached the following conclusions:

1. Section 21 of the act of June 22, 1874, c. 391, 18 Stat. 190 (U. S. Comp. St. 1901, p. 1986), has no application to this case, because the statute is limited to cases in which no protest has been filed. Gulbenkian v. Stranahan, United States Circuit Court, Southern District of New York, April 29, 1907 (T. D. 28,451) 158 Fed. 836; Klumpp v. Thomas (United States Circuit Court, Eastern District of Pennsylvania, February 25, 1907) T. D. 28,453, 162 Fed. ——; Klumpp v. Thomas (United States Circuit Court, Eastern District of Pennsylvania, February 11, 1908) T. D. 28,818, 162 Fed. ——.

2. The Secretary of the Treasury had the power to order the reliquidation of November 23, 1905, since this case is clearly governed by the decision of the Supreme Court in United States v. Whitridge, 197 U. S. 135, 25 Sup. Ct. 406, 49 L. Ed. 696 (T. D. 26,126).

3. Since there was a technical breach of duty in the failure of the collector to transmit the papers to the Board of General Appraisers, as required by section 14 of the customs administrative act of 1890, judgment should be entered for the plaintiff for nominal damages in the sum of $1.