(C. D. 247)

SCHERK IMPORTING CO. v. UNITED STATES

United States Customs Court, First Division

(Motion granted January 17, 1928)

*James W. Bevans* for the plaintiff.
*Charles D. Lawrence,* Assistant Attorney General (*Ralph Folks,* special attorney), for the defendant.

Before McCLELLAND, SULLIVAN, and BROWN, Judges; BROWN, J., dissenting

*Per Curiam:* This is a motion made on behalf of the plaintiff for an order directing the collector of customs for the port and district of New York to transmit to this court two protests—one, collector's No. 24967, filed June 2, 1927, and the other collector's No. 32963, filed July 18, 1927, together with the entries, invoices, and other papers in connection therewith.

In the moving affidavit of James W. Bevans, Esquire, of counsel for the plaintiff, it is set forth that these protests were lodged against demands of the said collector for certain amounts of money claimed to be due the United States Government on warehouse entries 78683, 6881, 81981, and 8362, and that although the said collector has been requested so to do he has failed to forward said protests and the entries and the accompanying papers to this court for due assignment and determination as required by section 515 of the tariff act of 1922.

For the defendant there is submitted in opposition to the motion

an affidavit made by Henry C. Stuart, Esquire, assistant collector of the Port of New York, in which it is set forth that each of said entries was liquidated several years before the filing of said protests; that to recover the amounts claimed to be due the Government as aforesaid, actions have been brought in the United States District Court for the Southern District of New York, that court having exclusive jurisdiction in an action at law for the collection of duties due on importations of merchandise, and said affiant refers this court to *Buxbaum* v. *United States* (80 Fed. 885) as authority as to the right to bring such an action to collect duties due on a warehouse bond.

For the purposes of this motion and the decision thereof, we do not deem it either necessary or pertinent to discuss the right of the Government to sue for the recovery of the said amounts in the United States District Court, or even the merits of the claims made in these protests, inasmuch as the only question before us is the right of the collector under existing law to refuse to transmit the protests and the accompanying papers to this court for due assignment and determination.

Section 514 of the tariff act of 1922 provides, among other things, as follows:

All decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury) * * * shall be final and conclusive upon all persons, unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation or decision, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, or decision, the reasons for the objection thereto, * * * .

And section 515, *supra*, insofar as pertinent to this motion, reads—

Upon the filing of such protest and payment of duties and other charges the collector shall within sixty days thereafter review his decision, and may modify the same in whole or in part and thereafter refund any duties, charge, or exaction found to have been collected in excess, or pay any drawback found due, of which notice shall be given as in the case of the original liquidation, and against which protest may be filed within the same time and in the same manner and under the same conditions as against the original liquidation or decision. If the collector shall, upon such review, affirm his original decision, or, upon the filing of a protest against his modification of any decision, the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the Board of General Appraisers for due assignment and determination, as provided by law. * * *

There is no ambiguity in the language thus quoted. It is in section 515 clearly and specifically provided that upon the filing of a protest against any act of the collector reviewable by this court that *he shall within sixty days thereafter review his decision* and if after such

review he shall affirm or modify the same he shall "forthwith" transmit the entry and the accompanying papers and all the exhibits connected therewith to the Board of General Appraisers (now Customs Court) for due assignment and determination. It is not, therefore, within the discretion of the collector to hold a protest against his decision or exaction longer than a reasonable time for transmittal to this court after the expiration of 60 days from the date of the filing thereof nor has that officer any lawful authority legally to determine whether a protest filed against his act is valid, or whether it is sufficient to invoke the jurisdiction of this court to review the act protested against.

Therefore, more than 60 days having elapsed since the filing of these protests, and there having been no reversal or modification of the acts protested against, the motion is granted and an order will issue directing the collector to forthwith transmit to this court the said protests, together with the entries and the accompanying papers.

### DISSENTING OPINION

Brown, J.: In *Kendall* v. *Lyman*, 161 Fed. 652 (T. D. 28894), decided March 20, 1908, it was distinctly held (although the damages in the particular circumstances of that case happened to be nominal) that a remedy by suit for damages existed against the collector of customs for illegally refusing to forward a customs protest to this court (then called the Board of General Appraisers), which remedy in a proper case would give substantial damages to the importer, for such breach of duty by the collector.

In view of the existence of that remedy I am unable to imply a right in us to issue the above order, in the nature of a mandamus, in aid of our jurisdiction, to compel him to forward the protests in question, although I think the collector should always forward to us all customs protests filed with him without enquiring into their nature or effect.

Further in view of the fact that suits involving the subject matter of these protests have already been brought in the district court, comity to a United States Court of equal dignity would seem to require our not issuing the order even if we have jurisdiction to do so. If the importer's contention upon the question of jurisdiction is correct the district court will doubtless so rule and dismiss the cases which have been brought before it.

The majority opinion accurately states that the collector must forward all protests

Against any act of the collector reviewable by this court.

Unless we have jurisdiction of the subject matter of the protest it would seem to be a useless act to order the collector to send up the protest and then have to dismiss it for lack of jurisdiction.

As gathered from the motion, the affidavit filed in answer to it, and the statements of counsel at the oral argument, the situation seems to be as follows:

The goods were entered for warehouse and liquidation had. This liquidation was not protested. Later, the goods not being exported, which would have released the duties, or other disposition made of them, and the warehouse period having expired, the collector sold them. The proceeds of sale did not suffice to pay the liquidated duties. The collector then, after deducting the expenses of the sale, credited the rest of the proceeds to the payment of the duties, and formally demanded the balance from the importer. Within 60 days of such demand the importer protested such demand as an illegal exaction. In my opinion, if the importer in such circumstances is still personally bound to pay the duties (here the balance after the sale) the demand for such balance would not be a charge or exaction protestable under section 514, but a contingent liability fixed and determined by the original unprotested liquidation less the net proceeds of sale, not a new decision to take an exaction within the meaning of section 514.

On the other hand, if the policy of the law is now changed, and under it the Government now solely looks to the lien on the goods, and demands no personal liability from the importer under the provisions of the warehouse law as re-enacted by the act of 1922, under which no bond is now required, then the demand for the unsatisfied balance would be a new exaction not warranted by the original liquidation and as such demand for such balance would be a protestable decision of the collector within the meaning of section 514.

Thus the question on the merits of the claim seems to be necessarily involved in the proper determination of the question of jurisdiction, i. e., whether the demand for the unsatisfied balance is an exaction and a protestable decision of the collector within the meaning of section 514.

As I cannot gather from the terms of the new warehouse provisions of the act of 1922 (including the omission of the provision requiring a bond as security to meet such a deficit as here arises) an intention on the part of Congress to excuse the personal liability of the importer for duties, and to be satisfied with the lien on the goods alone, my mind is compelled to the conclusion that the demand for the unsatisfied balance, as here protested, is not an exaction within the meaning of the protest provision, and that jurisdiction to determine whether the bond taken is void as without authority and whether any balance whatever can be collected from the importer lies elsewhere.

So holding and believing I am constrained to dissent as before stated.

While I think that the best practice would be for the collector to forward all customs protests to this court, without going into or speculating upon their legality or effect, *if he chooses to take the risk of refusing to forward them and thus assumes the personal responsibility of paying substantial damages out of his own pocket if he makes a mistake in so doing*, and happens (as I think he is here) to be right in his speculation over what court has jurisdiction of the subject matter, I think he should not be ordered to forward us the protests.